UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO: 14-282

CONQUISTADORE MARTIN                         SECTION: "J" (3)


**ORDER AND REASONS**

Before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* **(Rec. Doc. 579)** filed by Petitioner, Conquistadore Martin, and an opposition thereto **(Rec. Doc. 585)** filed by the government. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

On May 7, 2015, a federal grand jury returned a superseding indictment charging Conquistadore Martin ("Petitioner") and eleven other defendants with drug conspiracy, firearm conspiracy, and other related offenses. **(Rec. Doc. 103)**. Four out of the twenty counts named Petitioner: (1) count one, which charged Petitioner with conspiring to distribute and to possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 846; (2) count two, which charged Petitioner with conspiring to use and carry firearms, and possess firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(o); (3) count ten, which charged Petitioner with knowingly

and willingly using a telephone in committing, causing and facilitating the commission of a violation of 21 U.S.C. §§ 841(a)(1) and 846, that is, conspiracy to distribute and to possess with the intent to distribute heroin in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; and (4) count thirteen, which charged Petitioner with knowingly and intentionally using a telephone in committing, causing and facilitating the commission of a violation of 21 U.S.C. §§ 841(a)(1) and 846, that is, conspiracy to distribute and possess with the intent to distribute heroin in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

On December 15, 2016, Petitioner appeared before this Court and, pursuant to a plea agreement, entered a guilty plea to a superseding bill of information charging him with one count of conspiring to distribute and possess with the intent to distribute one hundred grams or more  of a mixture containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 and one count of conspiring to use and carry firearms and possess firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o). **(Rec. Doc. 365)**. As to the first count of conspiracy to distribute 100 grams or more of heroin, Petitioner faced a minimum of five years in prison and a maximum of forty years in prison. **(Rec. Doc. 366)**. As to the second count, Petitioner faced a maximum of twenty years in prison. **(Rec. Doc. 366)**. On April 20, 2017, the Court sentenced Petitioner to the minimum guidelines range of 140 months of incarceration as to counts one and two, to be served concurrently, followed by four years of supervised release. **(Rec. Doc. 584)**.

Petitioner filed a timely *Motion to Vacate, Set Aside, or Correct Sentence*, pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel based on his attorney's failure to object to the application of the firearm enhancement. Specifically, Petitioner contends that his attorney's conduct fell below an objective standard of reasonableness because it was improper to enhance his sentence where there was no evidence to support a finding that he had a firearm in his possession and because the enhancement constitutes "inappropriate double punishment." **(*See* Rec. Doc. 579)**. Thus, Petitioner contends that he suffered prejudice because the firearm sentencing enhancement allegedly caused him to receive a higher calculation under the Guidelines, and consequently, a longer sentence.

## LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases upon which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."

United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. Id. After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006) (quoting United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Petitioner's *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Hernandez v. Thaler, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.").

**DISCUSSION**

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). Construing Petitioner's *pro se* § 2255 motion liberally, the Court finds that Petitioner is not entitled to relief regarding his claim of ineffective assistance of counsel because he has shown neither deficient performance nor prejudice.

First, Petitioner incorrectly asserts that his attorney was deficient for failing to object to the firearm enhancement because the record reflects that Petitioner's attorney did object to the enhancement. In the defense's objections to the presentence investigation report, Petitioner's attorney raised the argument that there was no evidence to support a finding to impose the firearm enhancement. Petitioner's attorney reasserted this argument at the sentencing hearing, arguing that there was no evidence that Petitioner had a firearm on his person as is required by § 2D1.1(b)(1). **(Rec. Doc. 584)**. Accordingly, Petitioner's claim is factually unsupported by the

record, as his counsel opposed the firearm enhancement before and during sentencing.

Second, Petitioner incorrectly argues that his attorney's failure to object to the application of the firearm enhancement as "double punishment" resulted in miscalculation of his guidelines. While Petitioner is correct that the Fifth Circuit has held the enhancement contained in §2D1.1(b)(1) to impermissibly punish a defendant twice for the same conduct where it is levied in conjunction with a sentence for violating 18 U.S.C. § 924(c), Petitioner in this case was convicted of violating 18 U.S.C. § 924(o). Thus, the double punishment prohibition is not applicable.

The Court likewise finds Petitioner's argument regarding prejudice without merit. Petitioner alleges that his attorney's failure to object to the firearm enhancement resulted in a lengthier sentence being imposed. Where a defendant claims that his counsel was ineffective in advising him to plead guilty, a defendant seeking to show prejudice "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). In order to prove ineffective assistance of counsel at sentencing, the defendant must show that he would have received a lower sentence if it were not for his attorney's action. United States v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004). Here, Petitioner cannot sustain his burden because Petitioner's attorney argued that Petitioner should not receive the firearm enhancement. Additionally, the factual basis detailing the government's

evidence against Petitioner contained overwhelming evidence of Petitioner's guilt.[1]

Accordingly, Petitioner has failed to prove that if he had gone to trial, his sentence would have been lower.

In sum, Petitioner's attorney objected to the firearm enhancement and the enhancement did not constitute "double punishment" because Petitioner was not convicted under 18 U.S.C. § 924(c). Therefore, the Court concludes that Petitioner is not entitled to relief regarding his claim of ineffective assistance of counsel.[2]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* **(Rec. Doc. 579)** is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right.

New Orleans, Louisiana this 27th day of September, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] The factual basis referenced multiple intercepted wiretap calls during which Petitioner and co-conspirators discussed heroin deals, a call where co-conspirators discuss Petitioner's possession of half a kilogram of heroin, and detailed plans to execute the robbery of a drug dealer in Missouri. (*See* **Rec. Doc. 374, at 1-9)**.

[2] 28 U.S.C. § 2255(b) requires the court to hold an evidentiary hearing on a petitioner's claim, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In the instant case, it is clear to the Court after a review of the record that Petitioner is entitled to no relief, and, therefore, an evidentiary hearing is unwarranted